

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patents and Trademark Office
P.O.Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS
David A. Jakopin
PILLSBURY WINTHROP SHAW PITTMAN, LLP
P.O. BOX 10500
McLean, VA 22102

Date: 7-29-10

**Transmittal of Communication to Third Party Requester**
**Inter Partes Reexamination**

REEXAMINATION CONTROL NO. : 95001375
PATENT NO. : 6606346
TECHNOLOGY CENTER : 3999
ART UNIT : 3992

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified Reexamination proceeding. 37 CFR 1.903.

Prior to the filing of a Notice of Appeal, each time the patent owner responds to this communication, the third party requester of the inter partes reexamination may once file written comments within a period of 30 days from the date of service of the patent owner's response. This 30-day time period is statutory (35 U.S.C. 314(b)(2)), and, as such, it cannot be extended. See also 37 CFR 1.947.

If an ex parte reexamination has been merged with the inter partes reexamination, no responsive submission by any ex parte third party requester is permitted.

All correspondence relating to this inter partes reexamination proceeding should be directed to the Central Reexamination Unit at the mail, FAX, or hand-carry addresses given at the end of the communication enclosed with this transmittal.

PTOL-2070(Rev.07-04)



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/001,375 | 06/08/2010 | 6606346 | 079280-0000048 | 2014 |

23446         7590         07/29/2010
MCANDREWS HELD & MALLOY, LTD
500 WEST MADISON STREET
SUITE 3400
CHICAGO, IL 60661

| EXAMINER |
|---|
| NALVEN, ANDREW L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 07/29/2010 | PAPER |

Please find below and/or attached an Office communication concerning this application or proceeding.

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| ***ORDER GRANTING/DENYING REQUEST FOR* INTER PARTES *REEXAMINATION*** | Control No. | Patent Under Reexamination |
|---|---|---|
| | 95/001,375 | 6606346 |
| | Examiner | Art Unit |
| | ANDREW L. NALVEN | 3992 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address. --*

The request for *inter partes* reexamination has been considered. Identification of the claims, the references relied on, and the rationale supporting the determination are attached.

Attachment(s):    ☐ PTO-892    ☒ PTO/SB/08    ☐ Other: <u>Decision on Request</u>

1. ☒ The request for *inter partes* reexamination is GRANTED.

    ☒ An Office action is attached with this order.

    ☐ An Office action will follow in due course.

2. ☐ The request for *inter partes* reexamination is DENIED.

This decision is not appealable. 35 U.S.C. 312(c). Requester may seek review of a denial by petition to the Director of the USPTO within ONE MONTH from the mailing date hereof. 37 CFR 1.927. EXTENSIONS OF TIME ONLY UNDER 37 CFR 1.183. In due course, a refund under 37 CFR 1.26(c) will be made to requester.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Order.

Application/Control Number: 95/001,375  Page 2
Art Unit: 3992

## DECISION GRANTING INTER PARTES REEXAMINATION

A substantial new question of patentability affecting claims 1-18 and 23 of United States Patent Number 6,606,346 issued to Abraham et al (hereafter "the '346 patent") is raised by the request for *inter partes* reexamination submitted on June 8, 2010.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *inter partes* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *inter partes* reexamination proceedings are provided for in 37 CFR 1.550(c).

### Notification of Concurrent Proceedings

The patent owner is reminded of the continuing responsibility under 37 CFR 1.985 to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the '346 patent throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP § 2686 and 2686.04.

### PROSECUTION HISTORY

Application/Control Number: 95/001,375 Page 3
Art Unit: 3992

The '346 patent was issued on August 12, 2003 from an application filed May 18, 2001. Following claim rejections, Applicant argued that the prior art references did not teach summing a plurality of partial correlations as each partial correlation is produced to form a plurality of correlations between a digital signal and a pseudorandom reference code. Claims 1-23 were allowed in a notice of allowance issued on 4/7/2003. The notice of allowance indicated the reasons for allowance as follows:

> "Upon further consideration and comparison with prior art or record, closest reference Kojima US 5,579,338, claims 1-10, amended claims 11-22 are allowed. Newly added claim 23 is also allowed. The present invention relates to a method and apparatus for computing partial correlation. Prior art of record, taking individually or collectively, teaches summing a plurality of partial correlations to produce a single correlation between a received signal and a reference signal. Prior art of record, however, fails to fairly teach "summing a plurality of partial correlations as each partial correlation is produced to form a plurality of correlations between a digital signal and a pseudorandom reference code" as claimed in independent claim 1 (claims 2-10 depend therefrom); and similar claimed subject matte in independent claims 11, 19, 23 (claims 12-18, 20-22 depend therefrom). Thus, claims 1-23 are found to be novel and unobvious over prior art of record." (*Notice of Allowance Issued 4/7/2003, Page 2*)

The claim limitations corresponding to the allowable subject matter include:

- d) repeating steps b) and c) to produce a plurality of partial correlations; e) summing the plurality of partial correlations as each partial correlation is produced to form a plurality of correlations. *(Claim 1)*
- a first accumulator for accumulating said I partial correlations to form a plurality of correlations between said I signal and the C/A reference code; and a second accumulator for accumulating said Q partial correlations to form a plurality of correlations between said Q signal and the C/A reference code. *(Claim 11)*
- e) repeating steps c) and d) to produce a plurality of partial correlations; f) repeating steps b) through e) for a plurality of portions of the repeating code; g) accumulating the plurality of partial correlations as each partial correlation is produced to form a correlation; and h) forming a plurality of correlations. *(Claim 23)*

## PROPOSED SUBSTANTIAL NEW QUESTIONS OF PATENTABILITY

Third Party Requester ("Requester") requested reexamination of claims 1-18 and 23 of the '346 patent based upon the following prior art patents and publications:

1. US Patent No. 6,363,108 issued to Agrawal et al on March 26, 2002 (hereafter "Agrawal") that was not cited in earlier examination. Agrawal qualifies as prior art under §102(e).

2. "Low-power Correlator Architectures for Wideband CDMA Code Acquisition" published by Sriram in the Conference Record of the Thirty-Third Asilomar

- Conference on Signals, Systems, and Computer. 1999 Volume 1, 125-129. (hereafter "Sriram")

3. US Patent No. 6,298,083 issued to Westcott et al on October 2, 2001 (hereafter "Westcott") that was not cited in earlier examination. Westcott qualifies as prior art under §102(e).

4. "An All-Digital IF GPS Synchronizer for Portable Applications" by Namgoong et al and published in the Digest of Technical Papers of the 1999 IEEE International Solid-State Circuits Conference.

Requestor has alleged a substantial new question of patentability in light of the proposed rejections:

**Issue 1** - Claims 1, 2, 8-10, and 23 are anticipated by Agrawal under 35 U.S.C. §102(e).

**Issue 2** - Claims 1, 2, 8-10, and 23 are obvious over Agrawal under 35 U.S.C. §103(a).

**Issue 3** - Claim 10 is obvious over the combination of Agrawal in view of Namgoong under 35 U.S.C. §103(a).

**Issue 4** - Claims 11-18 are obvious over the combination of Agrawal in view of Westcott under 35 U.S.C. §103(a).

**Issue 5** - Claims 1-5, 8-9, and 23 are anticipated by Sriram under 35 U.S.C. §102(e).

**Issue 6** - Claims 1-9 and 23 are obvious over Sriram under 35 U.S.C. §103(a).

**Issue 7** – Claims 9 and 10 are obvious over the combination of Sriram in view of Namgoong under 35 U.S.C. §103(a).

Application/Control Number: 95/001,375  Page 6
Art Unit: 3992

## ANALYSIS OF SUBSTANTIAL NEW QUESTIONS OF PATENTABILITY

**Summary**

Requestor <u>has shown</u> a substantial new question of patentability with regards to claims 1-18 and 23 as presented in Issues 1-7.

**Analysis**

A substantial new question of patentability is raised by a cited patent or printed publication when there is a substantial likelihood that a reasonable examiner would consider the prior art patent or printed publication important in deciding whether or not the claim is patentable. A substantial new question of patentability is not raised by prior art presented in a reexamination request if the Office has previously considered (in an earlier examination of the patent) the same question of patentability as to a patent claim favorable to the patent owner based on the same prior art patents or printed publications. In re Recreative Technologies, 83 F.3d 1394, 38 USPQ2d 1776 (Fed. Cir. 1996).

**Agrawal Patent**

Agrawal raises a substantial new question of patentability regarding claims 1, 2, 8-18, and 23 as presented in Issues 1-4. Agrawal raises a substantial new question by providing new and non-cumulative teachings that a reasonable examiner would consider important in determining patentability of the claims.

Case 8:06-cv-01216-JVS-MLG Document 76-3 Filed 08/19/10 Page 9 of 12 Page ID #:192

Agrawal discloses a method for searching for and detecting a pseudorandom noise sequence (*Agrawal, column 1 lines 1-20, column 8 lines 25-35*). Agrawal's disclosure provides teachings relevant to the distinguishing features of the '346 patent. For example, Agrawal discloses the correlation of a signal with N-bit portions of I and Q psuedo-random sequences and the summing of the outputs of the correlations (*Agrawal, column 5 lines 37-63; Figure 7; column 8 line 45 – column 9 line 10*). These features are relevant to the distinguishing features of summing a plurality of partial correlations as each partial correlation is produced to form a plurality of correlations between a digital signal and a pseudorandom reference code.

These teachings would be important to a reasonable examiner in deciding patentability because the prosecution history suggests that these features were the reason for allowance of the claims. Thus, there is a substantial likelihood that a reasonable examiner would consider Agrawal important in deciding whether or not the claims are patentable. Accordingly, Agrawal raises a substantial new question of patentability as to claims 1, 2, 8-18, and 23 that has not been decided in a previous examination.

Requestor proposed Issue 3 as a substantial new question based upon Agrawal and Namgoong. As noted above, Agrawal alone raises a substantial new question sufficient to grant reexamination of claims 1, 2, 8-18, and 23. Thus, Issue 3 raises a substantial new question in light of the discussion above and a discussion of Namgoong is omitted.

Requestor proposed Issue 4 as a substantial new question based upon Agrawal and Westcott. As noted above, Agrawal alone raises a substantial new question sufficient to grant reexamination of claims 1, 2, 8-18, and 23. Thus, Issue 4 raises a substantial new question in light of the discussion above and a discussion of Westcott is omitted.

Application/Control Number: 95/001,375  Page 8
Art Unit: 3992

**Sriram Reference**

Sriram raises a substantial new question of patentability regarding claims 1-10 and 23 as presented in Issues 5-7. Sriram raises a substantial new question by providing new and non-cumulative teachings that a reasonable examiner would consider important in determining patentability of the claims.

Sriram discloses a correlator for determining the location of a periodically occurring N bit marker in a data transmission *(Sriram, Page 125, Abstract)*. Sriram's disclosure provides teachings relevant to the distinguishing features of the '346 patent. For example, Sriram discloses breaking up the filtering computation into a number of partial correlations and the accumulating of the partial correlations *(Sriram, Pages 126-127)*. These features are relevant to the distinguishing features of summing a plurality of partial correlations as each partial correlation is produced to form a plurality of correlations between a digital signal and a pseudorandom reference code.

These teachings would be important to a reasonable examiner in deciding patentability because the prosecution history suggests that these features were the reason for allowance of the claims. Thus, there is a substantial likelihood that a reasonable examiner would consider Sriram important in deciding whether or not the claims are patentable. Accordingly, Sriram raises a substantial new question of patentability as to claims 1-10 and 23 that has not been decided in a previous examination.

Requestor proposed Issue 7 as a substantial new question based upon Sriram and Namgoong. As noted above, Sriram alone raises a substantial new question sufficient to grant

Application/Control Number: 95/001,375 Page 9
Art Unit: 3992

reexamination of claims 1-10 and 23. Thus, Issue 3 raises a substantial new question in light of the discussion above and a discussion of Namgoong is omitted.

## CORRESPONDENCE

All correspondence relating to this inter partes reexamination proceeding should be directed:

By EFS: Registered users may submit via the electronic filing system EFS-Web, at https://sportal.uspto.gov/authenticate/authenticateuserlocalepf.html.

By Mail to: Mail Stop *Inter partes* Reexam
Central Reexamination Unit
Commissioner for Patents
United States Patent & Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

By FAX to: (571) 273-9900
Central Reexamination Unit

By hand: Customer Service Window
Randolph Building
401 Dulany Street
Alexandria, VA 22314

For EFS-Web transmissions, 37 CFR 1.8(a)(1)(i) (C) and (ii) states that correspondence (except for a request for reexamination and a corrected or replacement request for reexamination) will be considered timely filed if (a) it is transmitted via the Office's electronic filing system in accordance with 37 CFR 1.6(a)(4), and (b) includes a certificate of transmission for each piece of

Application/Control Number: 95/001,375 Page 10
Art Unit: 3992

correspondence stating the date of transmission, which is prior to the expiration of the set period of time in the Office action.

Any inquiry concerning this communication or earlier communications from the Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Signed:

/Andrew Nalven/

Andrew Nalven
CRU Examiner
GAU 3992
(571) 272-3839

Conferee: _ESK_

Conferee: _____